**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MCA Financial Group, LTD, as Trustee for the Fourthstage Technologies, Inc. Liquidating Trust,<br><br>        Plaintiff,<br><br>vs.<br><br>Gardere Wynne Sewell, L.L.P.; Indrajit Bobby Majumder and Jane Doe Majumder,<br><br>        Defendants. | No. CV 05-2562-PHX-MHM<br><br>**ORDER** |

Currently, before the Court is Defendants' Motion to withdraw the reference pursuant to U.S.C. § 157(d) and Fed. R. Bankr. 5011. (Dkt.#1). After the reviewing the pleadings, the Court issues the following order.

**I.     Background**

MCA Financial Group, LTD ("Trustee") is the bankruptcy trustee of the bankruptcy estate of Fourthstage Technologies, Inc. ("debtor"), in Case No.01-17604, which is currently pending in the United States Bankruptcy Court for the District of Arizona.  On November 19, 2004 the Trustee asserted an adversary action in that case, Adv. No. 03-1127, against Defendant Gardere Wynne Sewell LLP ("Gardere") and Defendant Indrajit Bobby Majumder ("Mr. Majumder") (collectively "Defendants") asserting common law tort claims arising out of the representation Defendants provided to the debtor Fourthstage Technologies, Inc.

Defendants have now moved to withdraw the reference of Adv. No. 03-1127 to this Court. The Trustee objects to this request.

**II.    Standard**

28 U.S.C. § 157(a) provides that "[e]ach district court may provide that any or all cases arising under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for the district." Additionally, § 157(d) provides: "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown...."  § 157(b)(1) provides that "Bankruptcy judges may hear and determine all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11..."[1]  § 157 does not define "core" proceedings but provides an unexclusive list.  For instance, § 157(b)(2)(A) provides "[c]ore proceedings include, but are not limited to matters concerning the administration of the estate." Moreover, § 157(b)(2)(O) relates that core matters are "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship..."[2] The movant bears the burden of proof on a motion to withdraw the reference. In re Larry's Apartment, LLC, 210 B.R. 469, 472-73 (D. Ariz. 1997).

**III.   Discussion**

In the present case, Defendants move to withdraw the reference on the grounds that they are entitled to a jury trial on the Trustee's state law tort claims of professional negligence, breach of fiduciary duty, and aiding and abetting tortious conduct asserted in the

---

[1]The significance of core versus non-core claims relates to the weight given to the bankruptcy courts in resolving such claims. Specifically, if the claim is a core claim the bankruptcy court may resolve the claim on the merits and it will be deemed to be judgment. Conversely, absent the consent of the parties, the bankruptcy court may hear non-core claims and are required to submit proposed findings of fact and conclusions of law to the district court for de novo review on timely objection. See 28 U.S.C. § 157(b)(1) and § 157(c)(1), (e).

[2]These provisions are referred to as the catch-all provisions. See In re Castlerock Properties, 781 F.2d 159 (9th Cir. 1986).

- 2 -

1  Adversary Action (Am. Compl. ¶'s 59-74) and will not consent to a jury trial in the
2  Bankruptcy Court, thus making withdrawal of the adversary proceeding to this Court
3  mandatory.[3]

### A.   Jury Trial On Non-Core Claims

Because bankruptcy courts cannot conduct jury trials on non-core matters, withdrawal of the reference from bankruptcy court is mandatory if a litigant is entitled to a jury trial on such matters. In re Larry's Apartment, 210 B.R. at 472 (citing In re Cinematronics, Inc., 916 F.2d 1444, 1451 (9th Cir. 1990). This is the basis for Defendants' motion before the Court. Specifically, Defendants contend that because the state law claims asserted in the Trustee's amended complaint are non-core claims and Defendants do not consent to a jury trial before the bankruptcy court that withdrawal is mandatory.[4]

Therefore, the crucial issue to resolve is whether the state tort claims at issue asserted by the Trustee constitute non-core claims requiring withdrawal or core claims that permit the bankruptcy court to resolve on the merits. In determining whether a claim is a core or non-core claim courts typically look to four main factors. Specifically, (1) whether the rights involved exist independent of Title 11, (2) depend on state law for resolution, (3) existed prior to the filing of the bankruptcy petition and (4) were significantly affected by the filing of the bankruptcy case. In re Cinematronics. at 1450 n. 5 (citing In re World Solar Corp, 81 B.R. 603 (Bankr. S.C. Cal. 1988); In re Commercial Heat Treating, Inc., 80 B.R.. 880, 888 (Bankr. S.D. Ohio 1987).

First, the rights involved in the state law tort claims asserted by the Trustee clearly exist independent of Title 11. The Trustee's tort claims against the Defendants relate to

---

[3] In the pleadings provided to the Court there appears to be a pending motion to dismiss as well as motion compelling arbitration. This Court will not reach those motions in this ruling as the threshold that must first be resolved is whether withdrawal of the adversary proceeding to this Court is proper.

[4] In re Cinematronics, 916 F.2d at 1451 (stating that bankruptcy courts cannot conduct jury trials on noncore matters where the parties have not consented). Here, Defendants do not provide any such consent.

1  conduct that occurred pre-bankruptcy filing on December 31, 2001. (Am. Compl. ¶'21-44).
2  Such claims could have been advanced regardless of the ultimate Chapter 11 filing. See In
3  re World Solar Corp., 81 B.R. 603, 608 (Bankr. S.D. Cal. 1988) (stating that when issues
4  "depend on state law for their resolution and are matters which, but for the intervention of
5  bankruptcy, could have been brought in state court, they are not core proceedings") (citing
6  In re Bokum Resources Corp., 49 B.R. 854 (Bankr.D.N.M. 1985). Second, such claims
7  clearly depend on state law for resolution as they are state law tort claims against the
8  Defendants relating to the representation provided to Fourthstage Technologies, Inc., leading
9  up to its bankruptcy. (Am Compl.¶'s21-44). Third, as noted above, the conduct at issue
10 relates to conduct occurring prior to the chapter 11 filing by Fourthstage. Lastly, the rights
11 asserted do not appear to be substantially altered by the filing of the bankruptcy. In other
12 words, these claims still retain their state law character and will be resolved based solely
13 upon state tort law, not the outcome of the pending Chapter 11 proceeding. Thus, in
14 reviewing these factors they demonstrate that the state law claims currently before the
15 bankruptcy court are non-core claims.

16       In making this determination, the Court is conscience of the Trustee's reliance on the
17 holding set forth in In re S.P.I. Communications & Marketing, Inc., 112 B.R. 507 (N.D.N.Y.
18 1990) where the New York district court held that the trustee's complaints against the debtor's
19 counsel for legal malpractice directly concerning the bankruptcy case which arose post-
20 petition fall within the scope of the federal bankruptcy power as a core proceeding. Id. at
21 510. Specifically, the debtor counsel's actions involved providing consent on the debtors
22 behalf to conversion of the debtors' chapter 11 case to a chapter 7 case contrary to the
23 debtors' wishes. Id. Moreover, the court noted that the "[t]he adjudication by the bankruptcy
24 court of claims arising from post-petition contracts with the debtor are "an essential part of
25 administering the estate" and, therefore, are core matters pursuant to 28 U.S.C. §
26 157(b)(2)(A)." Id.

27       Here, as discussed above, the conduct at issue does not relate to the post-petition
28 conduct of Defendants but rather to pre-petition conduct that is alleged to have contributed

1  to the debtor's financial demise. (Am.Compl. ¶'s 21-44). The timing is significant as the pre-
2  petition contract between Defendants and Fourthstage Technologies, Inc., and alleged
3  conduct of Defendants arises prior to the bankruptcy and thus have independent basis.
4  Further, even though the Trustee alleges that such claims contributed to the financial demise,
5  such allegations do not push the claims into the classification of core claims. See In re RDM
6  Sports Group, Inc., 260 B.R. 915, 918 (N.D. Ga. 2001) (acknowledging that claims of pre-
7  petition claims by trustee against law firm for breach of fiduciary duty, legal malpractice and
8  negligence, and other state law claims arising out of conduct that allegedly contributed to
9  debtor's financial demise were non-core claims in nature as they did not invoke substantive
10 rights under the Bankruptcy Code and they existed independent of bankruptcy). Thus, here
11 in reviewing the factors distinguishing core and non-core claims, this Court finds that the
12 state law torts claims asserted by the Trustee are non-core claims in nature.

13     Moreover, it is important to note that Plaintiffs' claims seek monetary damages
14 (Am.Compl ¶'s 64,69,&74) arising out of Defendants' alleged tortious conduct, thus invoking
15 the Seventh Amendment's right to a jury trial. See United States v. Fotopulos, 180 F.2d 631,
16 634 (9th Cir. 1950) (stating that in ordinary tort actions in federal court, right of trial by jury
17 is guaranteed by constitution.).  The relevance of this right to jury trial is that because
18 Defendants possess this right and refuse to consent to any such jury trial of these non-core
19 claims in the bankruptcy court, withdrawal to the present Court is mandatory. See In re
20 Larry's Apartment, 210 B.R. at 472; see also 28 U.S.C. § 157(d).

21     **Accordingly,**

22     **IT IS HEREBY ORDERED** granting Defendants' Motion to withdraw the reference
23 of the adversary proceeding, Adv.No. 03-1127 to this Court. (Dkt. #1). An order from the
24 Court setting this matter for a status conference will follow.

25     DATED this 25th day of March, 2006.

_____
Mary H. Murguia
United States District Judge